## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **CHARM HOWIE,** | : | |
| *Plaintiff* | : | |
| **v.** | : | **C.A. No. 1:17-cv-604-JJM-LDA** |
| | : | |
| **CITY OF PROVIDENCE, by and through its** | : | |
| **Treasurer, James J. Lombardi, III, alias** | : | |
| **and, PATRICK POTTER, alias, and,** | : | |
| **MATTHEW SHERIDAN, alias, and,** | : | |
| **MICHAEL PLACE, alias, individually and in** | : | |
| **their official capacities as Providence** | : | |
| **Police officers,** | : | |
| *Defendants* | : | |

### PLAINTIFF'S FIRST MOTION IN LIMINE

Plaintiff Charm Howie, by and through his attorneys, respectfully requests that the Court enter Orders forbidding any party, attorney, or witness from testifying, mentioning, arguing, alluding to or otherwise presenting evidence of the following to the jury:

1. Plaintiff's history of police contacts other than the July 21, 2015 arrest and subsequent prosecution from which this civil matter arises, including traffic stops, arrests, bail violations, sentences, pleas, sealings, or expungements should be excluded.

2. Any social media postings or other public statements by Plaintiff that do not include facts specific to the matters at issue in this civil matter should be excluded.

### ARGUMENT

**a.  Plaintiff's Prior or Subsequent Contacts With Police Are Prohibited by the Rules of Evidence, Not Relevant, and Unfairly Prejudicial.**

Evidence of or allusion to Plaintiff's prior or subsequent contacts with police is irrelevant, highly prejudicial, and designed to avoid the limits of the rules that apply to impeachable offenses.

Furthermore, none of the Plaintiff's previous police contacts involve impeachable offenses because they are alleged traffic violations or misdemeanors, or in the case of his sole conviction, also a misdemeanor, and none of the instances Plaintiff seeks to exclude implicate dishonesty or false statements.

During the deposition of Mr. Howie, counsel for Defendants Sheridan, Place, and Potter inquired at length about a 2009 traffic stop near Mr. Howie's home at the time on Wesleyan Avenue in Providence, ostensibly for not wearing a seatbelt.  No citations or arrest resulted from the stop. In response to questions about any previous arrests, Mr. Howie also testified at his deposition that he was arrested by North Providence police, possibly in 2003, for charges including disorderly conduct.  All charges pursuant to that arrest were dismissed, and the case was later sealed.  On June 23, 2016 Mr. Howie was arrested and charged with Simple Assault, domestic.  Two weeks later the matter was dismissed pursuant to R.I. District Ct. R. Cr. P. 48(a) and was later ordered sealed by the Rhode Island District Court.

Plaintiff's only conviction is for a single count of Disorderly Conduct/Domestic, R.I. Gen. Law §§11-45-1; 12-29-2.  Mr. Howie pled *nolo contendere* to the charge on February 9, 2016, and the matter was ordered expunged on September 8, 2021.[1]

F.R.E. 609(a)(2) permits the introduction of criminal convictions, even those that carry sentences of less than a year, to impeach a witness if the crime involves dishonesty or false statement.  Disorderly conduct, under Rhode Island law, is a petty misdemeanor, and carries a maximum sentence of six (6) months.  There is nothing in the statute's text linking the offense of Disorderly Conduct to dishonesty or false statements.

---

[1] For reasons unknown, the case docket still appears on the Rhode Island Judiciary's public portal system. Counsel has an inquiry pending with the R.I. District Court Clerks office to resolve the anomaly; however, the docket clearly indicates that the Motion to Expunge was granted.

Fed. R. Evid. 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence" and specifies that "*the fact is of consequence in determining the action.*" (emphasis added). Neither Plaintiff's misdemeanor conviction nor the two other contacts with police described *supra* shed any light whatsoever on the case at bar.  None of the events, even remotely, tend to make the existence of any fact that actually matters more or less probable than it would be without the evidence.

Under the Federal Rules of Evidence, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  F.R.E. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (Advisory Committee Notes).

The only purpose the defense could have for introducing evidence of Plaintiff's contacts with police would be to impeach his character improperly.  Such evidence has no bearing on the events that took place on July 21, 2015.   Moreover, evidence of police contacts on the part of a Black litigant would carry an even higher risk of prejudicial impact when his jury of peers is likely to be predominately white.  In a civil rights matter involving the detailed interactions between Plaintiff and police officers, the potential prejudicial effect of such evidence would be significant with no probative value whatsoever.

### b.   Social Media Posts Not Related to the Events at Issue in this Case Are Inflammatory and Offer No Probative Value to Any Facts at Issue.

At Mr. Howie's deposition, defense counsel questioned the plaintiff extensively about various social media postings, addressing a wide range of social commentary on issues ranging

from cigarettes, sexual identity, the meaning of Thanksgiving for Native Americans, media depictions of Black families, racial dynamics of policing, and averred that Mr. Howie has a "negative attitude toward white people." (T. at 289). While the inquisition into Mr. Howie's belief system was merely annoying and a poor use of resources, it would be devastating and fundamentally unjust to engage in such antics at trial.

The Court has ample discretion in "steadying the Rule 403 seesaw" of unfair prejudice and probative value. *Lund v. Henderson*, 807 F.3d 6, 11 (1st Cir. 2015) (citing *Onujiogu v. United States* 817 F. 2d 3,6 (1st Cir. 1987)). *Lund* was also a §1983 case, where it was the defendant police officer, not the plaintiff, who successfully argued that evidence of past complaints for excessive force and false arrest weighed the seesaw toward exclusion.[2] There, the appellate court upheld the trial court's ruling to exclude the evidence, explaining that "admitting this evidence would have turned this trial into a series of mini-trials as [defendant] contested each of the prior complaints. Rule 403 provides the district court with the discretion to exclude relevant evidence for just these sorts of reasons." *Id.* (citing *Martinez v. Hongyi Cui*, 608 F.3d 54, 61 (1st Cir. 2010) (excluding testimony that would require a "minitrial"); *United States v. Gilbert*, 229 F.3d 15, 24 (1st Cir. 2000) (excluding evidence in part because it would lead to a "mini-trial" with "the potential for confusion of the issues and for unfair prejudice")).

Here, where the matters raised are facebook memes and commentaries, the "mini-trials" required by each attempt to shroud Mr. Howie in distorted, supposedly scandalous political views, would quickly devolve into an exchange more appropriate for talk radio than trial, as whatever

---

[2] N.B. In *Lund*, the trial court's decision to exclude prior complaints against a defendant officer was specific to the individual capacity, and "might well be admissible in adjudicating Lund's claim against the chief and the Town." 807 F.3d at 9.

thread of relevance defendants hoped to extract would evaporate into wildly creative political diatribes.

   **WHEREFORE**, for the reasons cited herein, Plaintiff respectfully requests that this Honorable Court grant his Motion in Limine to exclude evidence of or allusion to any other contacts with police or social media postings that do not mention facts specific to this matter.

                           Plaintiff
                           Charm Howie
                           By his Attorneys:

                           /s/ Shannah Kurland
                           **Shannah Kurland, Esq**. R.I. Bar #9186
                           149 Lenox Avenue
                           Providence, RI 02907
                           Phone:  (401) 439-0518
                           skurland.esq@gmail.com

                           /s/ Katherine Hadley
                           **Katherine Hadley, Esq.** (#10443)
                           93 Wood Street
                           Providence, RI 02909
                           Phone: (484) 557-4606
                           kateshadley@gmail.com


                  **CERTIFICATE OF SERVICE**

   I hereby certify that I have filed the within motion with the United States District Court this 24th day of October, 2022 that a copy is available for viewing and downloading via the ECF system to the following attorneys of record for Defendants:

Jillian Barker, Esq.                          Steven Nelson, Esq.
jbarker@providenceri.gov                      snelson@providenceri.gov

Michael J. Colucci, Esq.
mjc@olenn-penza.com

                           /s/ Shannah Kurland